Leonard K. CLEMENTS, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 1257.

United States District Court
W. D. Virginia,
Roanoke Division.

March 19, 1963.

James H. Fulghum, Jr., Roanoke, Va., for plaintiff.

H. Garnett Scott, Asst. U. S. Atty., Roanoke, Va., for defendant.

MICHIE, District Judge.

This case was brought by the plaintiff to review a final decision of the Secretary of Health, Education and Welfare (hereinafter called the Secretary) denying the plaintiff's application for the establishment of a period of disability and for disability benefits under the Social Security Act (42 U.S.C.A. § 301 et seq.).

The Act provides in § 205(g) (42 U.S. C.A. § 405(g)) that on such a review the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." The Act defines disability in such manner that to establish disability as so defined the plaintiff must show that he had been continuously precluded from engaging in any substantial gainful activity by a disabling impairment commencing, in this particular case, no later than February 1, 1961. There is no question but that such disability as the plaintiff has commenced prior to February 1, 1961 so the only issue in the case is whether there is any substantial evidence in the record to substantiate the Secretary's finding that such disability as the plaintiff concededly had on that date was not a disability as defined in the Act.

Before considering the evidence relied upon by the Secretary it will be well to mention briefly some of the evidence for the plaintiff, for there is ample evidence from which the Secretary could have concluded that the plaintiff was disabled within the meaning of the Act.

Thus Dr. Robert R. Rudolph in a report dated March 7, 1961 concludes:

"His diagnosis is conversion reaction manifested by continuing pain in the abdomen and asthma with much hypochondriasis.

"Predis: Paranoid personality

"Ppting. stress: Unknown.

"I would consider his disability severe and that he is not feasible for employment or for rehabilitation."

And Dr. R. C. Siersema in a letter dated September 13, 1961 says:

"* * * It is my impression that his family physician sees the need for narcotics to control his persistent pain and I am inclined to believe that this patient is unable to do any prescribed amount of work. One cannot definitely perdict the future in such a person but it is my thought that his condition will remain the same."

And Dr. Lewis A. Micou under date of January 29, 1962 says:

"In my opinion, this person is unable to do any work."

On the other hand the Secretary apparently relies upon various medical reports which contain numerous findings of various medical conditions that the plaintiff has but do not state the effect of those conditions on plaintiff's ability to work. I will give the conclusion of

only one of these as illustrative of the rest. Dr. Frank L. Gant, Resident Physician in a Veterans Administration Hospital, as part of a thorough report which appears to be only partly in the record, concludes:

"FINAL DIAGNOSES:

"1. Allergic asthma. Treated. Unchanged.

"2. Pulmonary emphysema. Treated. Unchanged.

"3. Chronic anxiety state. Treated. Unchanged.

"4. Undiagnosed disease, manifested by pain at areas of abdominal scars. Treated. Unchanged."

Now it may well be that a medical man could read that diagnosis and conclude that Mr. Clements was not disabled within the meaning of the Act. But I am not a medical man. And, before I can say that such a report suffices to sustain the Secretary's finding of no disability in the face of the evidence of other doctors who say the plaintiff is so disabled that he cannot work, someone with medical knowledge must give evidence that the disabilities so found to exist do not prevent the plaintiff from working. I have heretofore so held: Isom v. Ribicoff, D.C., 204 F.Supp. 572; Sparks v. Ribicoff, D.C., 197 F.Supp. 174.

As I said in the Isom case:

" * * * I recognize the rule that medical witnesses should not be permitted to state their conclusions on the ultimate issue to be decided, i. e., whether or not the plaintiff is disabled within the technical meaning of the term as defined in the Social Security Act. Nevertheless somebody has got to state for the benefit of the court what the claimant can still do and what he cannot do. The record in this case is completely silent as to what the claimant could do in September 1959 except for the statements above quoted of Dr. Gabriel to the effect that he was unable to work."

And there is no evidence in this record to the effect that, despite his physical handicaps, the plaintiff is nevertheless able to work.

The Hearing Examiner, in his opinion, and the Secretary, in his brief, contend that because the plaintiff did work some in 1957 and 1958 he cannot be disabled. Apparently the claim must be that his condition has not worsened since that time though I find no evidence in the record to that effect. But even if that claim were substantiated the record shows that plaintiff's effort to work in 1957 and 1958 was rather unsuccessful. A letter from his employer during that period under date of April 23, 1962 stated in part:

"During the period of service 1957 and 1958 his efforts were considerably reduced from normal, and at this time he does not appear to us to be in any condition to consider him useful to us".

 Finally the Secretary argues (1) that if the plaintiff is disabled, within the meaning of the Act, his difficulty is psychiatric, (2) that under the Secretary's Regulations only certain types of mental disease are recognized as constituting a disability within the meaning of the Act and (3) that the plaintiff's psychiatric condition is not of one of those types. The Regulations do seem so to provide. But if the result of the Regulations is to exclude from the coverage of the Act a psychiatric condition which is in fact disabling within the meaning of the word "disability" as defined in the Act then the Regulations are simply void insofar as they undertake to deny disability benefits to one so disabled. The

Secretary has no power by Regulation to deny benefits to persons actually disabled within the meaning of the Act—no matter what the cause of the disability may be.

The Secretary's finding will be reversed and an order will be entered accordingly.